IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

KOMI ASSOU SOSSOUKPE,

           Petitioner,

vs.

DIANE SABATKA-RINE,

           Respondent.

**8:22CV109**

**MEMORANDUM AND ORDER**

      This matter is before me on Respondent's Motion for Summary Judgment. (Filing 7.) Respondent filed the relevant state court records (filing 8) and a brief in support (filing 9). Petitioner Komi Assou Sossoukpe ("Petitioner" or "Assou Sossoukpe") filed an "Answer to Summary Judgment" (filing 10) which the court construes as a brief in opposition, as well as a related Motion for the Appointment of Counsel (filing 11). Respondent filed a reply (filing 12), and this matter is fully submitted for disposition. Respondent argues Assou Sossoukpe's Petition for Writ of Habeas Corpus (filing 1) must be dismissed because it is barred by the limitations period set forth in 28 U.S.C. § 2244(d). I agree and will dismiss the petition with prejudice.

### I. FACTS

    1.    On October 15, 2019, after a jury trial in the District Court of Douglas County, Nebraska, Petitioner Komi Assou Sossoukpe was found guilty of two counts of first degree sexual assault on a child. (Filing 8-1.)

    2.    On November 25, 2019, the state district court sentenced Assou Sossoukpe to thirty to forty years' imprisonment on each count. (Filing 8-2.) The sentences were ordered to be served concurrently. (*Id.*) The sentencing order was filed November 26, 2019. (*Id.*)

3. Assou Sossoukpe did not file a direct appeal, nor any other petitions, applications, or motions concerning his judgment of conviction in state court. (Filing 1 at CM/ECF pp. 2–3.)

4. Assou Sossoukpe filed his habeas petition with this court on March 28, 2022. (Filing 1.)

## II. ANALYSIS

Respondent submits that Assou Sossoukpe's habeas petition must be dismissed because it was not timely filed and is barred by the limitations period set forth in 28 U.S.C. § 2244(d). I agree.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110 Stat. 1214, establishes a one-year limitations period for state prisoners to file for federal habeas relief that runs from the latest of four specified dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The statute of limitations period is tolled while a state post-conviction or other collateral review is pending. *King v. Hobbs*, 666 F.3d 1132, 1135 (8th Cir. 2012) (citing 28 U.S.C. § 2244(d)(2)).

Assou Sossoukpe did not file his habeas petition within one year of "the date on which [his] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Assou Sossoukpe's conviction became final on December 26, 2019, upon the expiration of the 30-day appeal period after the state district court filed its sentencing order on November 26, 2019. *See* Neb. Rev. Stat. § 25-1912(1) (Reissue 2016); *see also In re Interest of J.A.*, 510 N.W.2d 68, 71 (Neb. 1994) (a notice of appeal must be filed within 30 days of the date the judgment or order was entered on the journal of the trial court); *State v. Yos-Chiguil*, 772 N.W.2d 574, 579 (Neb. 2009) ("In a criminal case, the judgment is the sentence."). Accordingly, Assou Sossoukpe had one year from December 26, 2019, to timely file his habeas petition, but he did not file his petition until over two years later on March 28, 2022.

While Assou Sossoukpe is not entitled to any statutory tolling of the limitations period because he did not seek any state post-conviction or other collateral review, *see* 28 U.S.C. § 2244(d)(2), he argues that the court should apply equitable tolling to excuse his failure to file within the one-year statute of limitations period. (Filing 10.) Generally, a litigant seeking equitable tolling must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Walker v. Norris*, 436 F.3d 1026, 1032 (8th Cir. 2006). Equitable tolling is proper "only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Runyan v. Burt*, 521 F.3d 942, 945 (8th Cir. 2008) (internal quotation marks omitted). As such, "equitable tolling is an exceedingly narrow window of relief." *Id.* (internal quotation marks omitted). The burden of demonstrating grounds warranting equitable tolling rests with the petitioner. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Here, Assou Sossoukpe has failed to meet that burden.

Assou Sossoukpe asserts in his brief that equitable tolling should apply because he "was never showed how our justice [system] works." (Filing 10.) In his related motion requesting the appointment of counsel, Assou Sossoukpe further represents that he is from a different country, he does not understand English because it is not his primary language, and no one explained the appeals process to him. (Filing 11.) However, "[t]he Eighth Circuit has made it clear that equitable tolling is not justified by a petitioner's pro se status, lack of legal knowledge or legal resources, or any confusion about the federal limitations period or state postconviction law." *Alvarado v. Hansen*, No. 8:17CV283, 2018 WL 4006768, at *7 (D.Neb. Aug. 22, 2018) (listing authority).

In addition, the record before me does not suggest that Assou Sossoukpe's lack of proficiency in English constitutes an extraordinary circumstance justifying equitable tolling. As Respondent points out, Assou Sossoukpe's filings in this case are in English, and whether he or someone else authored them, his filings demonstrate that he is able to communicate with someone about his case. Nothing alleged by Assou Sossoukpe nor anything in the record suggests that Assou Sossoukpe's lack of English proficiency prevented him from timely filing his habeas petition. *See Mendoza v. Minnesota*, 100 Fed. App'x 587, 588 (8th Cir. 2004) (unpublished) (fact that petitioner was not fluent in English did not "constitute extraordinary circumstances justifying equitable tolling") (citing *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) (holding equitable tolling not warranted where petitioner's alleged lack of proficiency in English has not prevented petitioner from accessing the courts)); *see also Martinez v. Kuhlmann*, No. 99 Civ. 1094, 2000 WL 622626, at *3 (S.D.N.Y May 15, 2000) (finding no "rare," "exceptional," or "extraordinary" circumstances justifying equitable tolling where petitioner claimed he was a non-English speaker because "to permit equitable tolling in all cases involving such problems would frustrate the statute's objectives, because many inmates could make the same claims").

### III. MOTION FOR APPOINTMENT OF COUNSEL

With his brief, Assou Sossoukpe also filed a motion seeking the appointment of counsel. (Filing 11.) "[T]here is neither a constitutional nor statutory right to counsel in habeas proceedings; instead, [appointment] is committed to the discretion of the trial court." *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997). As a general rule, counsel will not be appointed unless the case is unusually complex or the petitioner's ability to investigate and articulate the claims is unusually impaired or an evidentiary hearing is required. *See, e.g.*, *Wiseman v. Wachendorf*, 984 F.3d 649, 655 (8th Cir. 2021); *Morris v. Dormire*, 217 F.3d 556, 558–59 (8th Cir. 2000), cert. denied, 531 U.S. 984 (2000); *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994). *See also* Rule 8(c) of the *Rules Governing Section 2254 Cases in the United States District Courts* (requiring appointment of counsel if an evidentiary hearing is warranted). Upon careful review of the record, and in light of my conclusion that the habeas petition is time-barred, I find there is no need for the appointment of counsel at this time.

### IV. CERTIFICATE OF APPEALABILITY

A petitioner cannot appeal an adverse ruling on a petition for writ of habeas corpus under § 2254 unless granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). I have applied the appropriate standard and determined that Assou Sossoukpe is not entitled to a certificate of appealability.

IT IS THEREFORE ORDERED that:

1.  Respondent's Motion for Summary Judgment (filing 7) is granted.

2. Petitioner's habeas petition (filing 1) is dismissed with prejudice because it is barred by the limitations period set forth in 28 U.S.C. § 2244(d).

3. The court will not issue a certificate of appealability in this matter.

4. Petitioner's Motion for the Appointment of Counsel (filing 11) is denied.

5. A separate judgment will be entered.

Dated this 21st day of October, 2022.

                                                 BY THE COURT:

                                                 *Richard G. Kopf*

                                                 Richard G. Kopf
                                                 Senior United States District Judge